IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RONALD N. TOTARO, <br>     Petitioner, <br><br> vs. <br><br> H.J. MARBERRY, Warden, <br>     Respondent. | C.A. No. 07-109 Erie <br> District Judge McLaughlin <br> Chief Magistrate Judge Baxter |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I.  RECOMMENDATION

It is respectfully recommended that the petition for writ of habeas corpus be dismissed as lacking in subject matter jurisdiction.

### II.  REPORT

Petitioner, Ronald N. Totaro, is a federal prisoner presently incarcerated at the Federal Correctional Institution at McKean ("FCI McKean") in Bradford, Pennsylvania. He brings this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (See Petition, docket # 1, and Memorandum of Law in Support, attached to docket # 1). He asserts that his conviction should be vacated because he is "actually innocent" of the crimes of which he was convicted. He raises numerous alleged errors that occurred during his trial and sentencing. Petitioner is not entitled to pursue his claims under 28 U.S.C. § 2241 because where, as here, the challenge is to the validity of a conviction and sentence, such claims must be brought pursuant to § 2255. Nor can Petitioner demonstrate that his remedy under § 2255 is inadequate or ineffective. Accordingly, the petition should be dismissed.

#### A.  Relevant Factual and Procedural History

On or around October 16, 2001, the United States District Court for the District of South Dakota sentenced Petitioner to a 360-month term of imprisonment for Wire Fraud, Mail Fraud, Money Laundering, and Racketeering in violation of 18 U.S.C. §§ 1343, 1341, 1956(a)(1)(A)(I), 1957, and 1962(c), respectively. (United States v. Totaro, Criminal Action No. 4:99-cr-40137

(D.S.D.), docket # 558).  Petitioner appealed and on September 9, 2002, the United States Court of Appeals for the Eighth Circuit filed its mandate affirming his judgment of conviction and sentence.  (Id., docket # 585, 586).  Petitioner claims that the United States Supreme Court denied his petition for writ of certorari on January 13, 2003.

On or around April 19, 2004, Petitioner filed in the United States District Court for the District of South Dakota a Motion to Vacate, Set Aside, or Correct his sentence pursuant to 28 U.S.C. § 2255, in which he argued that he was innocent and that numerous errors occurred during his conviction and sentencing.  (Totaro v. United States, Civil Action No. 4:04-cv-04053 (D.S.D.), docket # 1).  On May 13, 2004, the Honorable Richard H. Battey dismissed the petition as untimely under the applicable one-year statute of limitations set forth in The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  (Id., docket # 4).  On July 8, 2004, The Court of Appeals for the Eighth Circuit denied Petitioner's application for a certificate of appealability.  (Id., docket # 9).  Petitioner filed a petition for writ of certiorari with the United States Supreme Court, which was denied on October 3, 2005.  (Id., docket # 13).

On May 30, 2007, Petitioner filed in this court the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, in which he once again challenges his conviction and sentence, and in which he alleges that his remedy under 28 U.S.C. § 2255 is inadequate and ineffective.

**B.	Claims Generally Cognizable in Federal Habeas Corpus Proceedings**

Challenges to the validity of a federal prisoner's conviction or sentence must be presented in a motion pursuant to 28 U.S.C. § 2255 in the district court in which the prisoner was convicted and sentenced.  See, e.g., Cradle v. United States, 290 F.3d 536, 538 (3d Cir. 2002); Chambers v. Romine, 41 Fed. Appx. 525, 526 (3d Cir. 2002); Briggs v. Levi, 2008 WL 1801099 (3d Cir. April 22, 2008); Miller v. United States, 564 F.2d 103, 105 (1st Cir. 1977); Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998); Brown v. Mendez, 167 F.Supp.2d 723, 726 (M.D. Pa. 2001) ("As a general rule, a § 2255 motion 'supersedes habeas corpus and provides the exclusive remedy' to one in custody pursuant to a federal court conviction.") (quoting Strollo v. Alldredge,

463 F.2d 1194, 1195 (3d Cir. 1972)). In contrast,"matters concerning the conditions of confinement or the execution of a sentence are within the subject matter jurisdiction of the court presiding in the district in which a prisoner is incarcerated." DeSimone v. Lacy, 805 F.2d 321, 323 (8th Cir. 1986) (citing Lee v. United States, 501 F.2d 494, 500 (8th Cir. 1974)). Such claims are properly brought in a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Cradle, 290 F.3d at 538-39; Haugh v. Booker, 210 F.3d 1147, 1149 (10th Cir. 2000). A habeas corpus petition pursuant to § 2241 "is not an additional, alternative or supplemental remedy to 28 U.S.C. § 2255." Myers v. Booker, 2000 WL 159967 at *1 (10th Cir. Oct. 26, 2000). Merely styling a petition as one falling under § 2241 does not render it proper pursuant to that statutory provision.

Respondent correctly contends that this court should dismiss the petition for want of subject matter jurisdiction because Petitioner is not challenging the fact or duration of his confinement or the execution of his sentence. Rather, he is challenging the validity of his conviction and sentence, which must be presented to the United States District Court for the District of South Dakota by a motion under 28 U.S.C. § 2255. Under § 2241 jurisprudence, the issues raised in the instant petition are not within the jurisdiction of this court.

### C.     The Savings Clause of 28 U.S.C. § 2255

Petitioner asserts that he is entitled to disregard the jurisdictional requirements of 28 U.S.C. § 2241 and pursue the instant petition in this court because the remedy under 28 U.S.C. § 2255 is allegedly inadequate and/or ineffective. Section 2255 provides, in pertinent part:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to [section 2255], shall not be entertained if it appears that the applicant has failed to apply for relief by motion [to vacate sentence pursuant to section 2255], to the court which sentenced him, or that such court has denied him relief, *unless it appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255(e). The italicized portion of the statutory language is commonly referred to as § 2255's "savings clause" or "safety valve."

Petitioner argues that the instant case falls within § 2255's savings clause because the United States District Court for the District of South Dakota dismissed his § 2255 motion as

3

untimely. He asserts that equitable tolling applied to his § 2255 motion and that Judge Battey erred in his conclusion to the contrary. Petitioner's argument is not persuasive. The United States Court of Appeals for the Third Circuit made clear in Cradle v. United States, 290 F.3d 536 (3d Cir. 2002) that a petitioner's failure to file a timely § 2255 motion does not, in itself, establish that § 2255 provides an inadequate or ineffective remedy. The court explained:

> A § 2255 motion is inadequate or ineffective only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim. It is the inefficacy of the remedy, not the personal inability to use it, that is determinative. *Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255.* The provision exists to ensure that petitioners have a fair opportunity to seek collateral relief, not to enable them to evade procedural requirements.

Cradle, 290 F.3d at 538-39 (emphasis added). See also Chambers, 41 Fed. Appx. at 526 ("[T]he mere fact that Chambers may have missed the AEDPA one-year filing deadline, or run afoul of 28 U.S.C. § 2244 (relating to 'second or successive [habeas] applications') does not enable him to utilize § 2241").

Additionally, the Third Circuit Court explained in In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997), that § 2255 is inadequate or ineffective only in extremely rare circumstances, such as where an intervening change in the law negated the petitioner's conviction. In that case, the court held that where "a complete miscarriage of justice" was evident because a prisoner was being punished for "an act that the law does not make criminal thereby warranting resort to the collateral remedy afforded by § 2255, it must follow that it is the same complete miscarriage of justice when the AEDPA's amendment to § 2255 makes that collateral remedy unavailable." Dorsainvil, 119 F.3d at 251. The court went on to caution:

> We do not suggest that § 2255 would be inadequate or ineffective so as to enable a second petitioner to invoke § 2241 merely because that petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255. Such a holding would effectively eviscerate Congress' intent in amending § 2255. However, allowing someone in Dorsainvil's unusual position – that of a prisoner who had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate, even when the government concedes that such a change should be applied retroactively – is hardly likely to undermine the gatekeeping provisions of § 2255.

4

Id. The court further cautioned that the "holding that in this circumstance § 2255 is inadequate or ineffective is therefore a narrow one." Id. Here, Petitioner's claims do not fall within the "uncommon situation" described in Dorsainvil.

Based upon all of the above, this petition should be dismissed as lacking subject matter jurisdiction.

### D.    Certificate of Appealability

Section 102 of AEDPA (28 U.S.C. § 2253(as amended)) codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. Amended Section 2253 provides that "[a] certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." Where the federal district court has rejected a constitutional claim on its merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong[.]" Szuchon v. Lehman, 273 F.3d 299, 312 (3d Cir. 2001) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). A petitioner meets this standard if he can show that the issue "is debatable among jurists, or that a court could resolve the issue differently, or that the question deserves further proceedings." McCracken v. Gibson, 268 F.3d 970, 984 (10th Cir. 2001). Under 28 U.S.C. § 2253(c)(3), the district court must identify which specific issues satisfy the standard.

However, federal prisoner appeals from the denial of a § 2241 habeas corpus proceeding are not governed by the certificate of appealability requirement. United States v. Cepero, 224 F.3d 256, 264-65 (3d Cir. 2000); 28 U.S.C. § 2253(c)(1)(B). As such, this Court makes no certificate of appealability determination in this matter.

## III.    CONCLUSION

For the foregoing reasons, the instant petition for writ of habeas corpus should be dismissed for lack of subject matter jurisdiction.

In accordance with 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule 72.1.4(B), the

parties are allowed ten (10) days from the date of service to file written objections to this Report and Recommendation.  Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto.  Failure to file timely objections may constitute a waiver of any appellate rights.  See Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
Chief U.S. Magistrate Judge

Dated: May 14, 2008